

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

AUSTIN 11, TEXAS

ATTORNEY GENERAL

Honorable Wm. Yelderman
Assistant County Attorney
Travis County
Austin, Texas

Dear Sir:

Opinion No. O-5726
Re:   Is the franchise or easement
      granted by the Commissioners
      Court of Travis County to the
      Texas Power and Light Company
      subject to State and County
      ad valorem, road and school
      taxes:   And related questions.

You request the opinion of this department upon four questions
propounded in your letter of Nov. 30, 1943, which for con-
venience we quote as follows:

"In 1926 the Commissioners Court of Travis County, Texas,
granted to Texas Power and Light Company a certain
franchise which is hereinafter fully explained.  I am
requested to obtain an opinion from you in reference to
the questions hereinafter stated.

"I am enclosing a copy of the franchise mentioned, and am
requested by the Tax Collector-Assessor of Travis County
to ask and the following questions:

"(1)  Is or is not this franchise subject to State and
County Advalorem, road and school tax, or other taxes
levied according to law?

"(2)  Then, if this not be called a franchise, and is
called an easement, then would that easement be subject
to taxes, as other property in Travis County, or in any
other county in Texas, where the same situation existed?
"(3)  Did the Commissioners Court of that date have a
right to grant these concessions without pay or con-
sideration of any kind?

"(4)  In 1923 the main State highways were taken over by
the Texas Highway Department.  Do they have a right to
grant franchises or easements without pay, or for any
consideration?"

We shall proceed to answer your third question first, namely, "Did the Commissioners Court of that date have a right to grant these concessions without pay or consideration of any kind?"; this for the reason our answer to this question will aid in clarifying our answer to the remaining questions one and two.

The Texas Power and Light Company is manifestly such a corporation as is referred to in Article 1436, V.R.C.S., reading as follows:

> "Such corporation shall have the right and power to enter upon, condemn and appropriate the lands, right of way, easements and property of any person or corporation, and shall have the right to erect its lines over and across any public road, railroad, railroad right of way, interurban railroad, street railroad, canal or stream in this State, any street or alley of any incorporated city or town in this State with the consent and under the direction of the governing body of such city or town. Such lines shall be constructed upon suitable poles in the most approved manner and maintained at a height above the ground of at least twenty-two feet; or pipes may be placed under the ground, as the exigencies of the case may require."

We may assume that the Commissioners Court of Travis County in granting what is termed:

> ". . . the right, license, privilege and franchise is hereby granted to TEXAS POWER & LIGHT COMPANY, its successors and assigns, for a term of fifty (50) years from the 23rd day of September, 1926, to construct, maintain and operate suitable poles or towers along, over and across the public roads and highways, of said county for the purpose of supporting its transmission lines for electricity for light, heat, power, and other purposes;" was laboring under the erroneous impression that Article 1436, supra, conferred some right or authority upon it in the premises. Such is not the case. This article merely confers a "privilege" or a "franchise", if we choose to call it that, to the corporations referred to therein by direct legislative action. The Galveston Court of Civil Appeals, in the case of Houston Light & Power Co. v. Fleming, 128 S.W. (2d) 487, reversed on other grounds, in construing this article, said:

>> ". . . it was just a privilege or franchise granted direct by the State, through the Legislature by means of that general enactment, to any such corporation as satisfactorily met it terms and furnished the Utilities for the public benefit its terms dealt with; . . ."

We do not deem it necessary to discuss at length the limitations upon the power and jurisdiction of the commissioners court. This has been ably done in opinions O-1805 and O-2442, heretofore rendered by this department, copies of which are herewith enclosed for your information.

It will be observed that certain portions of these opinions are directly applicable here, and we reaffirm the conclusion therein expressed. To express our views concretely, the Commissioners Court of Travis County was without authority to add to or subtract from the rights conferred by Article 1436, supra.

The action of the Commissioners Court of Travis County in the matter of granting the privilege or franchise embodied in the order submitted by you is null and void, of no force and effect; it conferred no right or privilege, and hence bestowed no benefit upon the corporation that did not preexist by virtue of the statute itself, regardless of whether a consideration was paid or not. Your third question is, therefore, answered in the negative.

We deem it proper to say that this opinion is not to be construed as holding that the Texas Light and Power Company is not subject to the provisions of Article 7162, Subsections 42 and 43 thereof, which requires taxpayers to list: (42) every franchise, the description and value thereof; (43) value of all other property not enumerated above, (referring to the preceding quoted subsections) nor to Article 7084, Subdivision (d) therof, imposing a franchise tax upon all public utility corporations. We merely hold that by whatever name the instrument submitted by you is called, whether a "franchise" or "easement", it does not constitute the basis for the assessment and collection of taxes of any character upon the part of the State and County, or any other taxing subdivision thereof.

The generality of your question number four makes it inadvisable for us to attempt an answer without more definite information. If you will give us the kind and character of franchise or easement you have in mind and to whom it is or has been granted, if such is the case, we shall be glad to give further consideration to it.

<div style="margin-left:50%">
Yours very truly<br>
ATTORNEY GENERAL OF TEXAS<br>
s/ L. P. Lollar<br>
By
</div>

APPROVED DEC. 9, 1943
s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

<div style="margin-left:60%">
L. P. Lollar<br>
Assistant
</div>

LPL:AMM/cg
ENCLOSURES

Approved Opinion Committee, By BWB, Chairman